Filed 1/26/21  P. v. Ferris CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C091500 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF177922) |
| v. | |
| STEVEN GEORGE FERRIS, | |
| Defendant and Appellant. | |

In December 2017, Woodland police encountered defendant traveling in Yolo County in a vehicle that contained over 1,300 grams of methamphetamine.  Officers tracked the vehicle as it moved between Alameda County and Yolo County, passing through other counties along the way.

In December 2019, and in exchange for the dismissal of all other allegations in a March 2018 information, defendant pled no contest to one count -- transportation for sale of a controlled substance from one county to a noncontiguous county.

In January 2020, and consistent with the terms of the negotiated disposition, the trial court imposed a sentence of six years (the middle term) to be served in county

1

prison.  The trial court also ordered defendant to pay a $40 court operations assessment and a $30 conviction assessment.

The trial court calculated five days of credit toward his sentence.

Defendant appealed.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the record, we find an error that must be corrected.  The trial court did not dismiss the remaining counts and enhancements as contemplated by the parties' agreement.  We will modify the judgment to dismiss those allegations.  (Pen. Code, § 1260; see *People v. Mancheno* (1982) 32 Cal.3d 855, 860-861.)  Pursuant to *Wende*, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to dismiss count 1 and count 2 and all enhancements alleged.  As modified, the judgment is affirmed.

/s/_____
Robie, J.

We concur:

/s/_____
Raye, P. J.

/s/_____
Murray, J.

2